## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 30, 2011

Lyle W. Cayce
Clerk

No. 10-10988
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TONY JAY BREEDLOVE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CR-26-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tony Jay Breedlove appeals from his conviction of escape. He argues that the evidence was insufficient to support the district court's finding that he committed the offense of possession of stolen mail while on escape status. The finding that he committed this offense disqualified him from receiving a four-level downward adjustment to his offense level pursuant to U.S.S.G. § 2P1.1(b)(3), which applies to defendants who escape from halfway houses or similar facilities. Within his sufficiency argument, he also contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10988

Government violated Federal Rule of Evidence 404(b) by arguing that his prior stolen mail conviction was relevant to the issue whether he committed a stolen mail offense while on escape status.

Breedlove did not raise his Rule 404(b) argument in the district court; our review therefore is for plain error. *See United States v. Williams*, 620 F.3d 483, 488-89 (5th Cir. 2010), *cert. denied,* 131 S. Ct. 1534 (2011). Rule 404(b) does not apply to sentencing proceedings. *See* FED. R. EVID. 1101(d)(3) (stating that the Federal Rules of Evidence do not apply at sentencing). Breedlove cannot show error as to Rule 404(b), plain or otherwise.

We "review[] de novo the district court's guidelines interpretations and review[] for clear error the district court's findings of fact." *United States v. Le,* 512 F.3d 128, 134 (5th Cir. 2007). The district court makes factual findings at sentencing under the preponderance of the evidence standard. *United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005). The facts as set out in the record were sufficient for the district court to find by a preponderance of the evidence that Breedlove knowingly possessed stolen mail inside a bag that was in his car when he was arrested. On the facts found by the district court, Breedlove committed the federal felony offense of possession of stolen mail while on escape status. *See* 18 U.S.C. § 1708. The district court did not err by denying Breedlove a downward adjustment pursuant to § 2P1.1(b)(3).

**AFFIRMED**.